UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL WILLIAMS, | Case No. 3:17-cv-00355-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| MARKS, *et al.*, | |
| Defendants. | |

**I.     SUMMARY**

This is a civil rights case brought by an individual—Plaintiff Michael Williams—who is incarcerated within the Nevada Department of Corrections ("NDOC"). Before the Court is Plaintiff's objection (ECF No. 32) to Magistrate Judge Cobb's order (ECF No. 29) denying Plaintiff's ex parte motion for appointment of counsel (ECF No. 27). The Court has reviewed Defendants Isidro Baca, Melissa Mitchell, and Brian Ward's (collectively, "Defendants") response (ECF No. 34).[1] For the following reasons, the Court overrules Plaintiff's objection.

**II.    BACKGROUND**

Plaintiff filed a motion for appointment of counsel on the basis of his physical impairments. (*See* ECF No. 27 at 2-3.) Specifically, Plaintiff alleges that he "suffers from sever[e] back pain that restricts [him] from sitting, bending forward and wri[t]ing for any length of time." (*Id.* at 2.) Plaintiff further alleges that he has been "prescribed medication for the pain that causes mental fogginess and drow[s]iness without any form of concentration." (*Id.*)

Judge Cobb denied Plaintiff's motion, finding that Plaintiff has shown an ability to articulate his claims, that the substantive claims in the action are not unduly complex, and

///

---

[1]The Court also has reviewed Defendants' motion for enlargement of time to respond to Plaintiff's objection. (ECF No. 33.) Good cause appearing, the Court will grant the motion for enlargement of time *nunc pro tunc*.

that Plaintiff failed to convince the court of the likelihood of success on the merits of his claims. (ECF No. 29 at 1-2.)

**III.     LEGAL STANDARD**

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection . . . also enable[s] the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

**IV.     DISCUSSION**

There is no constitutional right to appointed counsel in a § 1983 action. *E.g.*, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. § 1915(e)(1), however, gives a district court the discretion to request that an attorney represent an indigent civil litigant. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *see, e.g.*, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Yet, the statute does not give the court the authority to compel an attorney to accept appointment, such that counsel remains free to decline the request. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989).

Furthermore, while the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and [the plaintiff's ability to] articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted).

Plaintiff's first objection relates to Judge Cobb's finding that Plaintiff did not show a likelihood of success on the merits. (ECF No. 32 at 2.) Plaintiff argues (1) that he need only show that his case "has merit"—not that he is likely to succeed on the merits—to demonstrate a "likelihood of success on the merits;" (2) that his case "has merit" because the Court allowed some of his claims to proceed past screening; and (3) that Eighth Amendment deliberate indifference claims are automatically considered meritorious. (*Id.*)

Plaintiff's arguments are unpersuasive. To show a likelihood of success on the merits, Plaintiff must show a probability of success—not just that his case has merit. *See Illumina, Inc. v. Qiagen, N.V.*, 207 F. Supp. 3d 1081, 1087 (N.D. Cal. 2016) ("Likelihood of success on the merits is a probability of fifty-one percent or more."). Next, the standard for screening is more lenient than the "likelihood of success" standard. On screening, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Plaintiff's success at the screening stage does not demonstrate a likelihood of success on the merits. Finally, Eighth Amendment deliberate indifference claims are not uniformly likely to succeed on the merits as Plaintiff contends. *See, e.g., Toavs v. Bannister*, No. 3:12-cv-00449-MMD-WGC, 2013 WL 2445035, at *1, *9-10 (D. Nev. May 16, 2013) (finding no likelihood of success on the merits of a claim for Eighth Amendment deliberate indifference to serious medical needs).

///

Plaintiff's second objection relates to his ability to articulate his claims. Plaintiff argues that he has only been able to articulate his claims with the assistance of another inmate. (ECF No. 32 at 3.) Plaintiff also argues that he is wholly unversed in civil litigation and that his physical disability and lack of mental acuity due to pain management medication must be taken into account. (*Id.*) But Plaintiff has not shown that the Magistrate Judge clearly erred or ruled contrary to law. Regardless of assistance, the fact remains that Plaintiff has articulated his claims to the Court.

Plaintiff's third objection relates to the complexity of the legal issues involved in this case. Plaintiff contends that his claim is complex because it involves medical records, expert witnesses, and adequacy of treatment. (ECF No. 32 at 4.) But this is true of nearly every claim for Eighth Amendment deliberate indifference to serious medical needs. Plaintiff has not shown how his claim is more complex than any other claim for Eighth Amendment deliberate indifference to serious medical needs.

In sum, Plaintiff has not shown the Magistrate Judge clearly erred or ruled contrary to law in denying Plaintiff's motion for appointment of counsel. Accordingly, the Court will overrule Plaintiff's objection. Nevertheless, Plaintiff may consider filing a renewed motion for appointment of counsel if, for example, he loses the assistance of his fellow inmate, his conditions worsen, or the case's complexity increases.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the objection.

It is therefore ordered that Plaintiff's objection (ECF No. 32) is overruled.

It is further ordered that Defendants' motion to extend time (ECF No. 33) is granted *nunc pro tunc*.

DATED THIS 24th day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4