# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MICHAEL WILLIAMS,

    Plaintiff,

v.

MARKS, *et al.*,

    Defendants.

Case No.: 3:17-cv-00355-MMD-WGC

**Order**

Re: ECF No. 45

Plaintiff has filed a motion to obtain medical records through discovery, as well a request for an order to allow him to keep his medical records in his cell. (ECF No. 45.) Defendants filed a response. (ECF Nos. 47, 47-1 to 47-5.)

Plaintiff is an inmate incarcerated within the Nevada Department of Corrections (NDOC) proceeding pro se with a civil rights lawsuit under 42 U.S.C. § 1983. He is currently housed at Ely State Prison (ESP), but the events giving rise to this litigation took place while he was housed at Northern Nevada Correctional Center (NNCC). On screening, Plaintiff was allowed to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against defendants Bacca, Mark and Melissa. This claim is based on allegations that Bacca intentionally interfered with his medical treatment by pressuring defendant Marks to withhold a prescription for oxycodone, and as a result Marks refused to continue to prescribe oxycodone to Plaintiff. He avers that Melissa failed to respond to his reports of pain. He claims that this conduct caused him to remain in unbearable pain. He was also allowed to proceed on his Eighth Amendment claim against defendant Ward based on allegations that Ward denied Plaintiff's grievance that detailed the actions and inactions of the medical staff regarding his unbearable pain. Finally, he was allowed

to proceed with a claim against defendant Ward for interference with his right of access to the grievance process. (Screening Order, ECF No. 3.)

In his motion, Plaintiff argues that because of HIPPA, prisoners are not able to obtain their medical records in litigation. He states that NDOC's Administrative Regulation (AR) 639 provides that copies of health records shall not be released directly to the inmate, except when an inmate is involved in a lawsuit that would require use of the medical records, as verified by the Office of the Attorney General. In addition, the AR prohibits an inmate from possessing any portion of their medical file on their person, in their cell or on the yard, "unless otherwise permitted by court order."

Plaintiff asserts that he needs to obtain his medical records and possess them in his cell in order to prepare for summary judgment, and for the duration of this litigation.

Defendants' response argues that while prison regulations preclude an inmate from possessing medical records, they may review their medical records under direct supervision of medical staff. When an inmate is involved in litigation, the inmate is required to send a request to review the records by filing a kite. The regulations also allow inmates to make copies of their medical records for legal purposes.

As the parties point out, AR 639 prohibits inmates from possessing medical records in their cells. When an inmate is involved in a lawsuit, he may request to review his medical records and make copies of pertinent records for use in litigation. Courts generally defer to the judgment of prison officials in matters of security. *See Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979). "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id*. "[T]he problems that arise in the day-to-day operation of a

corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id*. at 547 (citations omitted). "Such considerations are peculiarly within the province and professional expertise of correctional officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in these matters." *Id*. at 548 (citation and quotation marks omitted).

While the court has on occasion, and on a showing of extraordinary circumstances, issued orders allowing prisoners to possess medical records, Plaintiff has not set forth anything in his motion that presents such extraordinary circumstances. The procedure of kiting to request a review of medical records and copying pertinent records applies to all inmates asserting medical care claims in litigation. Plaintiff has not demonstrated this procedure is insufficient in his case. His medical care claims are not unduly complex. Nor has he represented that something about his condition makes it unduly difficult to proceed in this fashion. He does not state whether he requested to review his medical records and make copies in accordance with AR 639.

Finally, the court notes that Plaintiff has already filed his motion for summary judgment. (ECF No. 48.) He attaches as exhibits to his motion 21 medical kites filed from January 31, 2019 to June 5, 2019; 15 medical kites from August 3, 2018 to December 26, 2018, emergency grievances and grievances. Nowhere in his motion for summary judgment does he state that he requested and was denied an opportunity to review and copy pertinent medical records to prepare his motion for summary judgment.

Nevertheless, the court will afford Plaintiff an opportunity to review his medical records in accordance with AR 639 and supplement his motion for summary judgment if he deems necessary. He will not be permitted to possess his medical records.

### CONCLUSION

Plaintiff's motion (ECF No. 45) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's motion is **GRANTED** insofar as the court orders that he be allowed to review his medical records and copy any pertinent medical records that he wishes to use to supplement his motion for summary judgment. The Deputy Attorney General shall ensure that this occurs expeditiously following the issuance of this Order. Plaintiff has up to and including the extended dispositive motion deadline of **August 19, 2019** to file a supplement to his motion for summary judgment that includes any argument to expand on the argument made in the motion for summary judgment filed relative to his review of his medical records. Plaintiff may attach as exhibits to the supplement only those medical records that are specifically relevant to his argument and the medical care claims proceeding in this case. Defendants' deadline to respond to Plaintiff's motion will run from the date that they are served with the supplemental briefing.

Insofar as he asks for an order that he be allowed to possess his medical records in his cell, his motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 24, 2019.

William G. Cobb
United States Magistrate Judge