# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL LEON WILLIAMS, | Case No.: 3:17-cv-00355-MMD-WGC |
| Plaintiff | **Order** |
| v. | Re: ECF No. 67 |
| DR. MARKS, et. al. | |
| Defendants | |

Before the court is Defendants' motion for leave to file Defendants' motion for summary judgment and Exhibits A, B, D, E and H under seal. (ECF No. 67.)

In this motion, Defendants seek to file under seal their motion for summary judgment as well as certain exhibits containing Plaintiff's medical records.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Ct.*, *D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). The court must "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id*. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*.

The good cause standard, on the other hand, is the exception to public access that has been typically applied to "sealed materials attached to a discovery motion unrelated to the merits

of the case." *Id*. (citation omitted). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*.

The Ninth Circuit has clarified that the key in determining which standard to apply is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Here, Defendants seek to file their motion for summary judgment and certain exhibits containing Plaintiff's medical records under seal. A motion for summary judgment is unquestionably "more than tangentially related to the merits of a case." Therefore, the compelling reasons standard applies.

Typically, the Attorney General's Office seeks to file *medical records* themselves under seal, but not the accompanying motion for summary judgment.

This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D.HI. June 25, 2010); *Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009). This is because a person's medical records contain sensitive and private information about their health. While a plaintiff puts certain aspects of his medical condition at issue when he files an action alleging deliberate indifference to a serious

3

medical need under the Eighth Amendment, that does not mean that the entirety of his medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need be unnecessarily broadcast to the public. In other words, the plaintiff's interest in keeping his sensitive health information confidential outweighs the public's need for direct access to the medical records.

Here, the court has reviewed the motion for summary judgment, and finds that compelling reasons do not exist for sealing the motion itself. As was stated above, a plaintiff puts certain aspects of his medical condition at issue when he files an action alleging deliberate indifference which requires public disclosure of some aspects of his health information. These basic details essential to resolving the case are part of the public record and the court does not find that compelling reasons have been asserted for sealing the motion for summary judgment itself. Instead, the court finds there are only compelling reasons to seal the medical records themselves, which contain more information than that which is essential to be disclosed in the briefing on this dispositive motion.

Therefore, Defendants' motion (ECF No. 67) is **GRANTED IN PART AND DENIED IN PART**. It is **DENIED** as to the motion for summary judgment (ECF No. 68), and the Clerk shall **UNSEAL** ECF No. 68. Defendants shall ensure that Plaintiff has been served with a copy of the motion for summary judgment. Plaintiff has **21 days** from the date of this Order to file his response to the motion for summary judgment. Defendants have **14 days** from the date they are served with the response to file their reply brief. The motion for leave to file under seal is **GRANTED** insofar as Defendants seek leave to have the medical records in the exhibits filed under seal: ECF Nos. 68-1, 68-2, 68-3, and 68-4. The referenced exhibits contain Plaintiff's sensitive health information, medical history and treatment records. Balancing the need for the

public's access to information regarding Plaintiff's medical history, treatment, and condition against the need to maintain the confidentiality of Plaintiff's medical records weighs in favor of sealing these exhibits.

**IT IS SO ORDERED**.

Dated: October 11, 2019

                                                    _____
                                                    William G. Cobb
                                                    United States Magistrate Judge