# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MICHAEL WILLIAMS,

     Plaintiff,

v.

MARKS, *et al.*,

     Defendants.

Case No.: 3:17-cv-00355-MMD-WGC

**Order**

Re: ECF Nos. 45 and 49

On July 5, 2019, Plaintiff made a motion to be allowed to retain copies of his medical records relevant to his litigation in his cell to be able "to properly prepare for summary judgment." (ECF No. 45 at 3.)  Plaintiff recognized that Nevada Department of Corrections (NDOC) Administrative Regulation (AR) 639.02.8 states that "[c]opies of health record shall not be released directly to the inmate while incarcerated."  However, Plaintiff argued that he fell within the exception to the prohibition as the AR states at subparagraph 02.8:

> Exception to this release shall be made only when an inmate is personally involved in a lawsuit directly involving medical issues that would require the use of his/her medical records, as verified by the Office of the Attorney General."

AR 639.02.8; ECF No. 45 at 3.

Plaintiff also predicated his motion on another provision of AR 639, i.e., 639.03.1, which states "[a]n inmate is prohibited from possessing any portion of their medical file on their person, in their cell or on the yard unless otherwise permitted by a court order." (*Id.* at 3.)

///

Defendants Isidro Baca, Dana Marks and Melissa Mitchell, who were sued under a claim of deliberate indifference to a serious medical need (ECF No. 3 at 6)[1], opposed Plaintiff's motion. (ECF No. 47.) Defendants asserted Plaintiff should not be entitled to possess medical records in his cell because Plaintiff "failed to provide a *compelling reason* for setting aside the NDOC's long-standing policy of prohibiting inmates from possession their medical records in their cells." (ECF No. 47 at 2.) Defendants further argued that:

> "Plaintiff appears to interpret AR 639 as an invitation to obtain a court order and ignore the records review process. This interpretation is incorrect. The NDOC is not inviting inmates to obtain orders and possess their records in their cells. Rather, AR 639.02.8 simply recognizes that the Office of the Attorney General *may need to instruct medical staff to directly release medical records* to an inmate and that the medical staff are permitted to comply with such instructions. AR 639.03.1 simply recognizes the force of a court order and that medical staff are permitted to comply with such an order."

(ECF No. 47 at 3; emphasis added.)

Defendants submitted a prior version of AR 639 which was in effect from April 25, 2010, to January 8, 2012, Exhibit B. (ECF No. 47-2; the AR was titled "temporary".) The former version of AR 639 did not contain the litigation exception language appearing in the current version of AR 639. Instead, paragraph 8 of the 2010-2012 version simply prohibited NDOC staff from providing an inmate copies of his medical records. (ECF No. 47-2 at 4.)[2]

The next version of AR 639 Defendants reference in the one adopted on March 1, 2018, which is the AR regarding medical records which currently remains in effect. (ECF No. 47-4, Exhibit D.) Defendants do not explain what AR(s) regarding medical records may have been

---

[1] Defendant Brian Ward was sued for interference with Plaintiff's right of access to the grievance process. ECF No. 50 at 1.

[2] The 2010-2012 version also made no reference to any deference NDOC should provide to a court order allowing an inmate to keep his records in his cell as now appears in AR 639.03.1.

adopted and utilized from 2012 through March 1, 2018. Defendants did submit, however, an undated declaration of former Director of the Nevada Department of Corrections Greg Cox pertaining to the 2010-2012 version of AR 639, entitled "Declaration of Greg Cox, in support of Defendants' Brief Addressing the Confidentiality and Safety and Security Issues Pertaining to Inmate Medical Records" (ECF No. 47-1) Cox's Declaration was originally filed in the case of *McCabe v. Gibbons*, 3:09-cv-244-LRH-RAM. (ECF No. 72-1, 12/5/2011.) The Cox Declaration identifies the policy rationale for the reasons the former versions of AR 639 (and Medical Directive (MD) 707) then in effect which prohibited inmates from possessing medical records, i.e., safety and security of the inmate and the institution.

Neither Director Cox's Declaration nor Defendants' opposition memorandum in this case (ECF No. 47), however, addressed what revisions to AR 639 occurred between 2012 (when that version, i.e., Defendants' Exhibit B; ECF No. 47-2, expired) and March 1, 2018 – when the current version of AR 639 was adopted. (Defendants' Exhibit D, ECF No. 47-4.)

The current version of Medical Directive 707 (ECF No. 47-5) prohibits inmates from possessing medical records *on the yard* (ECF No. 47-5, ¶ 13 at p. 5)[3] and the current version of AR 639.02.8 states copies of an inmate's medical records shall not be "released" to the inmate. The current version of AR 639 also allows medical records to be released to an inmate "when an inmate is personally involved in a lawsuit directly involving medical issues that would require use of his/her medical records, as verified by the Office of the Attorney General." (ECF No. 47-4, ¶ 98 at pp.4-5.)

---

[3] Both the former version of MD 707 (ECF No. 47-2 at 4 (¶ 8) and the current version (ECF No. 47-4 at 5 (¶ 13)) only prohibited the inmate from possessing medical records "on the yard." These MDs do not address any prohibition about the inmate possessing medical records in his cell.

As mentioned above, Defendants' counsel argued that AR 639.02.8 ". . . simply recognizes that the Office of the Attorney General *may need to instruct medical staff to directly release medical records* to an inmate and that medical staff are permitted to comply with such instructions." Defendants' counsel also argued that an inmate must show a "compelling reason for setting aside the NDOC's long-standing policy of prohibiting inmates from possessing medical records in their cells." (ECF No. 47 at 2.) Defendants further contended that AR 639.03.1 "simply recognizes the force of a court order and that medical staff are permitted to comply with such an order." (*Id*. at 3; emphasis added.)

This court in its order of July 24, 2019 (ECF No. 49), recognized the federal court's typical deference to "the judgment of prison officials in matters of security," citing *Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979). This court's order quoted further from the Supreme Court's decision in *Bell*:

> ""[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id*. "[T]he problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id*. at 547 (citations omitted). "Such considerations are peculiarly within the province and professional expertise of correctional officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in these matters." *Id*. at 548 (citation and quotation marks omitted).

(ECF No. 49 at pp. 2-3.)

Adopting the Defendants' argument that an inmate must show a "compelling reason" under 639.02.8 to be able to possess records in his cell, the court imposed a similar requirement that an

inmate must demonstrate "extraordinary circumstances" to allow possession of medical records in his cell. (ECF No. 49 at p. 3.)

In retrospect, and after further analysis of this question in other inmate civil rights cases, the court determines it erred in imposing either a "compelling reason" or "extraordinary circumstances" requirement upon the most recent version of AR 639.02.8. (ECF No. 47-4 at 4-5.) For whatever reason – and the Attorney General's opposition did not explain it – the Nevada Department of Corrections modified the 2010-2012 version of AR 639 (ECF No. 47-2), which as above prohibited inmate possession of records – to the current version of AR 639 which provides an exception to the possession prohibition, i.e., if the inmate is "personally involved in a lawsuit directly involving medical issues that would require the use of his/her records." (ECF No. 47-4 at 4-5.) The only precondition is that the Office of the Attorney General must "verify" that the inmate's medical records are "directly involved" with issues arising in a lawsuit. The Defendants' argument that to trigger this release of records the Attorney General "may need to *instruct* medical staff to directly release medical records to an inmate" is erroneous. (ECF No. 47 at 3; emphasis added.) This argument misstates the language of the AR: Instead, the Attorney General need only *verify* that the inmate's litigation involves medical issues requiring the use of the inmate's medical records."[4]

NDOC Administrative Regulation (639) does not require an inmate to demonstrate he has a "compelling reason" or that there are "extraordinary circumstances" to allow him to receive his records. Therefore, the court now determines that imposing a "compelling reason" or

---

[4] Notably, Defendants' memorandum (ECF No. 47) did not argue Plaintiff's Eighth Amendment claims asserted in his civil rights action are irrelevant to his medical records. (*See*, Screening Order, ECF No. 3 at 6 which allowed Plaintiff's Eighth Amendment medical claims to proceed.)

"extraordinary circumstance" qualification to AR 639 was in error. By this decision, the court merely concludes NDOC should comply with the black letter terms of AR 639.02.8.

This court's order (ECF No. 49) is, therefore, overturned. Any request by an NDOC inmate, including by Plaintiff Williams, to NDOC to have his medical records released directly to the him while incarcerated should be resolved by NDOC in accordance with AR 639.02.8. [5]

**IT IS SO ORDERED**.

Dated: October 29, 2019.

_William G. Cobb_
William G. Cobb
United States Magistrate Judge

---

[5] The court emphasizes, however, that this order reconsidering the court's earlier decision is *not* predicated upon the terms of AR 639.03.1 which states an inmate is prohibited from possessing medical records "on their person, in their cell or on the yard *unless otherwise permitted by court order*." (emphasis added.) Any order the court might enter *under this subsection* could very well require an inmate to demonstrate a compelling reason or extraordinary circumstance to overcome the NDOC medical records prohibition. Instead, this order is based strictly on AR 639.02.8 which explicitly permits release of medical records to the inmate if the records are related to the inmate's litigation.