# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL LEON WILLIAMS, | Case No.: 3:17-cv-00355-MMD-WGC |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 68, 74 |
| DR. MARKS, et. al., | |
| Defendants | |

Before the court is Defendants' Motion for Summary Judgment. (ECF Nos. 68.)[1] Also before the court is Plaintiff's Motion for Summary Judgment. (ECF No. 74.)

For the reasons set forth below, Defendants' motion is denied without prejudice because Defendants failed to serve Plaintiff with the full motion and sealed and unsealed exhibits, despite court orders to do so. In addition, Plaintiff's motion is denied without prejudice, because Plaintiff could not supplement his motion as Defendants failed to comply with the court's orders that he be given an opportunity to review and copy the relevant evidence.

The court will allow Defendants to file a renewed motion for summary judgment, including *all* exhibits that support the motion, and a complete version of the motion and *all* exhibits must be served on Plaintiff. Consistent with the court's other rulings in this case, which will be discussed, *infra,* Plaintiff shall be allowed to possess his relevant medical records. Plaintiff will also be allowed to file a renewed motion summary judgment, if he desires. The briefing schedule is set forth in the court's conclusion, *infra*.

---

[1] The other briefing filed in connection with this motion will be discussed, *infra*.

# I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 4.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*) Defendants are Isidro Baca, Dana Marks, Melissa Mitchell, and Brian Ward.

On screening, Plaintiff was allowed to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Baca, Dr. Marks, Mitchell and Ward, and a First Amendment claim against Ward based on allegations that Ward denied Plaintiff access to the grievance process. (Screening Order, ECF No. 3.)

Plaintiff alleges that he suffers from horrible pain in his extremities, which was previously treated successfully with an oxycodone prescription. He avers that Baca pressured Dr. Marks to stop prescribing the narcotic pain medication, and Dr. Marks succumbed to this pressure and has refused to prescribe Plaintiff oxycodone since December 1, 2016.

He claims that on December 5, 2016, he arrived at a scheduled doctor's appointment, and Nurse Mitchell told him his appointment was being rescheduled. Plaintiff described his pain to Mitchell and that he had not had any pain medication for four days, and asked for something to alleviate his pain. Mitchell denied his request.

Plaintiff attempted to redress his disagreements with the medical staff through the prison's grievance system, which has three levels: informal, first and second. He received unfavorable responses to his informal and first-level grievances. He filed a second-level grievance to appeal the initial decisions. He acknowledges that NDOC's Administrative Regulation (AR) 740 requires second-level grievances to include attachments to the responses to

the corresponding informal and first-level grievances. Plaintiff maintains that when he filed his second-level grievance, he attached the responses to his informal and first-level grievances. He states that the second-level grievance should have been addressed by the deputy director, but Ward intercepted it and removed the attachments from the filing. Ward then returned the second-level grievance to Plaintiff unfiled, stating it could not be processed based on the lack of required attachments.

## **II. RELEVANT PROCEDURAL HISTORY**

After Defendants filed their answer, on February 20, 2019, the court issued a scheduling order, giving the parties until June 20, 2019, to file dispositive motions. (ECF No. 25.) On the day dispositive motions were due, Defendants filed a request for an extension of time to file dispositive motions, which the court granted, giving a new deadline of August 19, 2019. (ECF Nos. 39, 40.)

On July 5, 2019, Plaintiff filed a motion to obtain his medical records through discovery and to possess those records in his cell, arguing that he needed his medical records to litigate this action and that he should be able to keep them in his cell while litigating this case under Administrative Regulation (AR) 639. (ECF No. 45.)

On July 23, 2019, Plaintiff filed his motion for summary judgment. (ECF No. 48.)

Defendants filed a response to the motion on AR 639. (ECF No. 47.) The court will not get into the intricacies of that issue as it is discussed in great detail in the court's other orders. The court did order on July 24, 2019, that Plaintiff be allowed to review his medical records and copy any pertinent records that he wished to use to supplement his motion for summary judgment, and gave him until August 19, 2019, to file the supplement to his motion. (*See* ECF Nos. 49 at 4.)

3

On August 15, 2019, Plaintiff requested an extension of time (ECF No. 52), and Plaintiff was given until September 18, 2019, to supplement his motion for summary judgment. (ECF No. 55.)

Also on August 15, 2019, Plaintiff filed a motion for judicial intervention regarding his medical records, claiming when he went to review his medical records at Ely State Prison (ESP), he was told most of the relevant records were still at NNCC, and when he was eventually called to reviewed them, he noticed the relevant records had been removed. (ECF No. 53.)

On August 19, 2019, Defendants filed their second motion to extend the dispositive motions deadline. (ECF No. 57.) The request was granted, and Defendants were given until October 10, 2019, to file their motion for summary judgment. (ECF No. 59.)

On September 20, 2019, Plaintiff filed another motion to extend the deadline to file the supplement to his motion for summary judgment, asserting that Defendants had not complied with the court's order that he be able to make copies of his medical file. (ECF No. 64.) The court gave Plaintiff until October 25, 2019, to file the supplement to his motion. (ECF No. 65.)

On October 10, 2019, Defendants filed their motion for summary judgment, and motion for leave to file the motion for summary judgment, as well as Exhibits, A, B, D, E and H, under seal. (ECF Nos. 67, 68.)

In their motion for summary judgment, Defendants argue: (1) that Plaintiff was not denied pain medications, and they never ignored his requests for pain medication; (2) there was no interference with Plaintiff's right of access to the grievance process; and (3) they are entitled to qualified immunity.

Defendants sought to file under seal their motion for summary judgment itself, along with Exhibits A, B, D, E and H in support of the motion. (ECF No. 69.) At the conclusion of the

motion for summary judgment is Defendants' list for exhibits, which lists Exhibits A, B, D, E, and H as being filed under seal, and exhibits C, F, G, I, and the declarations of Gloria Carpenter and Lisa Walsh, as not being filed under seal. (ECF No. 68 at 15.) Defendants only filed with the court the following exhibits they sought to file under seal: Exhibit A (medical progress notes at ECF No. 68-1), Exhibit B (physician's orders at ECF No. 68-2), Exhibit D (consultation report of Dr. Long at ECF No. 68-3), and Exhibit E (consultation request/report at ECF No. 68-4). Exhibit H, which was identified as the declaration of Dr. Marks, was not filed with the court under seal, or unsealed.

Defendants also submitted the following unsealed exhibits in support of their motion: Exhibit C (medical kite and/or service report at ECF No. 70-1), Exhibit F (Plaintiff's grievance at ECF No. 70-2), Exhibit G (Baca declaration at ECF No. 70-3), and authenticating declarations of Gloria Carpenter (ECF No. 70-4) and Lisa Walsh (ECF No. 70-5), in support of their motion. Exhibit I, which is identified as the declaration of defendant Ward, was not filed with the court.

On October 11, 2019, the court issued an order on Defendants' motion to file their motion for summary judgment and Exhibits A, B, D, E and H under seal. The court denied the motion insofar as Defendants sought to file the motion for summary judgment itself under seal. The court ordered Defendants to ensure that Plaintiff was served with a copy of the motion for summary judgment, and gave Plaintiff 21 days to file his response. The court granted the motion to seal insofar as Defendants sought leave to file ECF Nos. 68-1, 68-2, 68-3, and 68-4 under seal, which contained Plaintiff's sensitive health information, medical history and treatment records. The order did not address exhibit H, likely because the court did not notice at that time that Exhibit H had not even been filed with the court. (ECF No. 72.)

On October 23, 2019, the court issued an order noting that briefing with respect to Plaintiff's motion for summary judgment had been delayed as a result of Plaintiff's motion for judicial intervention regarding his medical records. As a result of the delay, the court directed the Clerk that Plaintiff's motion would be denied without prejudice, and administratively re-filed that day. (ECF No. 73.)

That same day, the court held a hearing on Plaintiff's motion for judicial intervention regarding his medical records. It became apparent that Plaintiff still had not been served with Defendants' motion for summary judgment, and the court directed the Deputy Attorney General (DAG) Ward to send a copy of Defendants' motion and the unsealed exhibits to Plaintiff, and to expeditiously send the under-seal exhibits to the ESP warden's office and ensure Plaintiff be given an opportunity as soon as possible to review the records. The court gave Plaintiff until November 13, 2019, to file a response to Defendants' motion, and gave Defendants until November 27, 2019, to file a reply. The court also ordered that Plaintiff had until November 15, 2019, to file a supplement to his motion for summary judgment. Defendants were ordered to respond by December 6, 2019, and Plaintiff was ordered to file a reply by December 20, 2019. (ECF No. 75.)

On November 15, 2019, Plaintiff filed a motion for extension of time. In that motion, he noted that neither Dr. Marks' nor Ward's declarations were attached to Defendants' motion for summary judgment. In addition, he indicated he had not been provided with an opportunity to review the motion and all exhibits as the court had ordered on October 23, 2019. He asked that they be provided or that the court provide a ruling under Federal Rule of Civil procedure 56(f) (now Rule 56(d)). (ECF No. 80.) The court ordered Plaintiff to file his opposition to Defendants' motion by December 20, 2019, and Defendants to file their reply by January 10, 2020. The court

1  gave Plaintiff until December 20, 2019, to file the supplement to his motion for summary

2  judgment. Defendants were ordered to file their response by January 10, 2020, and Plaintiff was

3  ordered to file his reply by January 24, 2020. (ECF No. 81.)

4      On November 21, 2019, Defendants filed an "errata" to their motion for summary

5  judgment (ECF No. 84), submitting (not under seal) Exhibit H (Dr. Marks' declaration at ECF

6  No. 84-1), and Exhibit I (Ward's declaration at ECF No. 84-2).

7      On November 25, 2019, Plaintiff filed a motion for contempt and sanctions asserting that

8  Defendants had not followed the court's orders to allow Plaintiff copies of his medical records,

9  including the order that he was to be allowed to review his medical records and copy any records

10  he wished to use to supplement his motion for summary judgment. In addition, he asserted that

11  they failed to send him Exhibits A, B, D, E, H and I, in support of their motion for summary

12  judgment. (ECF No. 89.)

13      On December 5, 2019, Plaintiff filed his response to Defendants' motion for summary

14  judgment. Among other arguments, Plaintiff again asserted that Defendants never provided him

15  with Exhibits A, B, D, E, H, or I, in support of their motion for summary judgment.

16  (ECF No. 91.)This was despite the court's order that Plaintiff be sent the full motion and

17  unsealed exhibits *and* that he be allowed to expeditiously review the sealed exhibits.

18      The court subsequently referred the case to the pro bono panel for the limited purpose of

19  seeking representation of Plaintiff with respect to the issue of whether Plaintiff could possess his

20  medical records for the duration of the litigation under AR 639. (ECF No. 93.) In addition, the

21  court denied the motion for contempt and sanctions (ECF No. 89) without prejudice.

22  (ECF No. 93.)

23

On December 9, 2019, Plaintiff filed a motion to strike Exhibits A (ECF No. 68-1), H (ECF No. 84-1) and I (ECF No. 84-2). The court has entered an order denying that motion; however, Plaintiff did argue in that motion that Defendants had not sent him Exhibits A, B, D, E, H, and I, in support of their motion, and had not allowed Plaintiff to review and copy his medical records as the court ordered. (ECF No. 94.)

On December 19, 2019, Defendants filed their reply in support of their motion for summary judgment. They assert that Plaintiff does not make any substantive arguments in response to their motion, and then reiterate the arguments made in their motion. They completely ignore Plaintiff's assertion that he was never provided with the full motion and exhibits. (ECF No. 95.)

Plaintiff never filed the supplement to his motion for summary judgment, presumably because he was never given the opportunity to review the medical records as the court had ordered. Nor did Defendants ever file a response to Plaintiff's motion for summary judgment.

On January 14, 2020, Travis Barrick, Esq., was appointed counsel for Plaintiff for the limited purpose of addressing the AR 639 medical records issue. (ECF No. 96.) The court set a briefing schedule on the AR 639 issue. (ECF Nos. 97, 98.) A new DAG, Peter Dunkley, Esq., appeared on behalf of Defendants on February 12, 2020. (ECF No. 100.) The court held a hearing on the AR 639 issue on June 3, 2020, and concluded that AR 639 allows an inmate who is involved in a case where the medical records are relevant to his claims to possess those records for the duration of the litigation, and issued a written order to that effect. (ECF Nos. 111, 112.) Defendants did not object to the order.

### III. DISCUSSION

Defendants never responded to Plaintiff's assertion that he was not provided with the full motion for summary judgment and was not given an opportunity to review *all* of the exhibits filed in support of the motion (including Exhibits H and I filed with the errata). It is axiomatic that a party moving for summary judgment must serve the motion and all supporting exhibits on the opposing party. Even though that was their automatic obligation upon filing a dispositive motion, the court had to order Defendants to do so at least two additional times: in the order on their motion for leave to file the motion and certain exhibits under seal, and at the October 23, 2019 hearing. At the October 23, 2019 hearing, the court specifically ordered DAG Ward to send the motion and unsealed exhibits to Plaintiff, and to make sure he expeditiously was given an opportunity to review the sealed exhibits.

Then, Defendants filed an "errata," over a month after their motion for summary judgment was filed, including exhibits that should have been filed with the motion initially, and as Plaintiff points out, were signed by the defendants weeks after the motion for summary judgment was initially filed. Plaintiff subsequently raised the issue of not being provided with the full motion and all the exhibits, as well as the fact that he still had not been sent Exhibits H and I, that had been filed with the errata. This was discussed in several of his filings, including his response to their motion for summary judgment, which the Defendants completely ignored.

In light of their failure to serve Plaintiff with the complete motion and exhibits *and* to comply with the court's orders that they do so, Defendants' motion for summary judgment (ECF No. 68) is denied without prejudice. Plaintiff's motion for summary judgment

(ECF No. 74) is also denied without prejudice because Plaintiff did not have an opportunity to review and copy the medical records he needed to supplement and present a complete motion for summary judgment.

The court will permit the parties to file renewed motions; however, Defendants and their counsel are advised that if they fail to follow the court's orders and serve Plaintiff will a complete motion and exhibits, they will be ordered to show cause why sanctions should not be imposed for the failure to comply with the court's orders. The parties are also cautioned that the court will require strict compliance with the briefing deadlines, absent a showing of compelling circumstances.

## IV. CONCLUSION

(1) Defendants' Motion for Summary Judgment (ECF No. 68) is **DENIED WITHOUT PREJUDICE**;

(2) Plaintiff's Motion for Summary Judgment (ECF No. 74) is **DENIED WITHOUT PREJUDICE;**

(3) The parties have up to and including **August 10, 2020**, to file and serve complete renewed motions for summary judgment and *all* supporting exhibits. The parties have up to and including **September 10, 2020**, to file and serve their briefs in response. Reply briefs must be filed and served on or before **October 1, 2020**. The court will require strict adherence to these deadlines in the absence of a showing of compelling reasons.

///
///
///
///

(4) Should Defendants and their counsel fail to comply with the court's orders, i.e., if Plaintiff is not served with the complete motion and supporting exhibits and/or is not given the relevant medical records for his briefing, Defendants and their counsel will be ordered to show cause why sanctions should not be imposed for failure to comply with the court's orders.

**IT IS SO ORDERED.**

Dated: July 13, 2020

                                                   William G. Cobb
                                                   United States Magistrate Judge