UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL LEON WILLIAMS,<br><br>    Plaintiff,<br>v.<br><br>DR. MARKS, *et al.*,<br><br>    Defendants. | Case No. 3:17-cv-00355-MMD-WGC<br><br>ORDER |

## I. SUMMARY

*Pro se* Plaintiff Michael Leon Williams, who is incarcerated in the custody of the Nevada Department of Corrections at the Northern Nevada Correctional Center, brings this action under 42 U.S.C. § 1983. (ECF No. 4.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate William G. Cobb (ECF No. 132), recommending the Court grant Defendants' motion for summary judgment (ECF No. 120 ("Motion")) and direct entry of judgment in Defendants' favor. Plaintiff filed an objection to the R&R. (ECF No. 135 ("Objection").)[1] Because the Court agrees with Judge Cobb's analysis of the Motion, is not persuaded by the arguments Plaintiff raises in his Objection—and as further explained below—the Court will adopt the R&R in full and grant Defendants' Motion.

## II. BACKGROUND

The Court incorporates by reference Judge Cobb's recitation of the background and undisputed facts of this case provided in the R&R, which the Court adopts. (ECF No.

---

[1] The Court granted (ECF No. 134) Plaintiff's request for an extension of time (ECF No. 133) to file his objection. In addition, Defendants filed a response to Plaintiff's Objection. (ECF No. 136.)

132 at 1-4, 7-10, 12.) Judge Cobb recommends granting Defendants' Motion as to Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need because the evidence Defendants proffered shows Plaintiff was seem numerous times for his complaints of chronic lumbar spine pain, and that he received multiple other pain medications beyond the Oxycodone he repeatedly requested. (*Id.* at 11.) Judge Cobb determined Plaintiff's claim amounts, at most, to a difference of opinion with his medical providers, which does not amount to deliberate indifference under the circumstances present in this case. (*Id.*) Judge Cobb also recommends the Court grant Defendants' Motion as to Plaintiff's First Amendment claim that Ward interfered with Plaintiff's right to access the grievance process because Defendants presented evidence completely refuting Plaintiff's claim. (*Id.* at 12.) As to both claims, Judge Cobb also noted that Plaintiff never filed an opposition to Defendants' Motion, despite being given a several month extension to file one. (*Id.* at 3, 11, 12.)

### III.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection. (ECF No. 135.)

### IV.   DISCUSSION

Plaintiff's primary argument in his Objection is more of a request—that he be given an unspecified additional extension of time to prepare and file an opposition to Defendants' Motion. (*Id.* at 4, 6-9.) So construed, the Court denies Plaintiff's request. Though he is a *pro se* litigant facing difficult circumstances,[2] Plaintiff must nevertheless comply with the procedural rules governing this case, including deadlines. *See Ghazali v. Moran*, 46 F.3d

---

[2] Plaintiff proffers a declaration and medical record showing that he became infected with COVID-19 in December 2020, and was quite sick. (ECF No. 135 at 9-13.)

52, 54 (9th Cir. 1995) (per curiam) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure.") (citation omitted); *see also Moore v. Corizon Health Servs.*, 788 F. App'x 503, 504 (9th Cir. 2019) (affirming the district court's denial of the plaintiff's motion to extend discovery because the plaintiff failed to establish good cause, relying in part on *Ghazali*). And here, the Court has already given Plaintiff multiple extensions of time. Judge Cobb gave Plaintiff an additional several months to respond to Defendants' Motion. (ECF No. 129.) Judge Cobb then issued his R&R almost a month after Plaintiff's deadline to respond to Defendants' Motion expired, but Plaintiff did not file anything during that month. (ECF No. 132.) The Court then gave Plaintiff an additional several weeks to file his Objection. (ECF No. 134.) Moreover, in the Minute Order granting him that extension, the Court noted, "[n]o further extension will be granted given the length of the extension granted herein." (*Id.*) While Plaintiff explains why he was unable to work on his case in December 2020, and to some lesser extent since then, he does not explain why he was unable to work on his case during the fall of 2020. (ECF No. 135.) Plaintiff had ample time to respond to Defendant's Motion, but has not. Plaintiff has not established good cause for a further extension of time. The Court declines to grant him one.

On the merits of the R&R, the Court agrees with Judge Cobb's analysis, and nothing in Plaintiff's Objection convinces the Court it should reject any portion of the R&R. Plaintiff does not offer any argument, much less evidence, in his Objection that causes the Court to question Judge Cobb's key findings as to Plaintiff's Eighth Amendment claim that he received treatment for his back pain, and can show no more than a difference of opinion as to what type of pain medication would be most effective. (ECF Nos. 132 at 11, 135.) As to Judge Cobb's recommendation on Plaintiff's First Amendment claim, Plaintiff writes, "Defendant Ward did an affidavit that went uncontested by Plaintiff that Magistrate Cobb may have considered when he prepared his Report and Recommendation that granted Defendants' motion for summary judgment." (ECF No. 135 at 4.) This is effectively a concession that Judge Cobb did not err. Plaintiff let Ward's affidavit go uncontested. While

3

the Court is sympathetic to Plaintiff's difficult circumstances, again, Plaintiff does not explain what prevented him from filing an opposition in much of the fall of 2020. (ECF No. 135.) Regardless, Ward's unrebutted testimony is only one reason the Court agrees with Judge Cobb's recommendation as to Plaintiff's First Amendment claim. Judge Cobb supported his recommendation with other unrebutted evidence as well. (ECF No. 132 at 12.) The Court agrees with Judge Cobb that Defendants' Motion should be granted.

The Court will therefore overrule Plaintiff's Objection, and accept and adopt the R&R in full.

## V.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 135) to the Report and Recommendation of U.S. Magistrate Judge William G. Cobb is overruled. The Report and Recommendation of U.S. Magistrate Judge William G. Cobb (ECF No. 132) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 120) is granted.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 24th Day of February 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE